## Barnes v. Commonwealth.

April 30, 1943.

Sylvester V. Little for appellant.

Hubert Meredith, Attorney General, and Arthur T. Iler, Assistant Attorney General, for appellee.

Opinion of the Court by Perry, Commissioner—Reversing.

The appellant, George Barnes, was on February 17, 1942, indicted by the grand jury of Laurel county for the offense of deserting his wife when in a pregnant condition and in indigent circumstances, without making proper provision for her care and support, denounced by section 331i-1, Kentucky Statutes (KRS 435.240).

Upon his trial on this charge at the following September term of the Laurel circuit court, the jury found him guilty and fixed his punishment at confinement in the penitentiary for two years.

Appellant, complaining of that verdict and the judgment entered thereon, filed motion and grounds for a new trial, among which is assigned the ground that the verdict was contrary to the law and evidence and was the result of passion and prejudice, all of which were overruled and this appeal results, seeking its reversal.

After due consideration of the record, we are of the opinion that the only question which we need to consider is as to whether or not the verdict is sustained by the evidence.

The facts are, as shown by the record, that the appellant, George Barnes, and the prosecuting witness, Lucille Romine Barnes, were married and that three children were born to them as the issue thereof.

Further it appears that appellant and his wife and children lived in a small rented home located on Sublimity Road near Keavy, a small town in Laurel county, Ky. Also it is shown that this indictment upon which appellant was found guilty was obtained by his wife upon her appearing before the grand jury on February 17, 1942, or just three days after the appellant had been acquitted of the charge preferred against him under an earlier indictment, charging his violation of this statute by his having deserted his two infant children without having made provision for their board, clothing and proper care.

It appears further that upon the trial of the appellant under the first indictment, charging him with deserting his children, he appeared in open court and testified that he had not deserted his wife and children, but was then furnishing them a home and doing what he could to provide for them and that he wished to continue living with them and that this home was available to them; and that, in order to provide for them, he stated that if his wife would stay with him and sign his release, he would join the army and make an allotment out of his salary for the benefit of his wife and children in such an amount as the court might fix; but that his wife, instead of accepting either of his offers so made, to take her back or to join the army, refused to live with him and within three days thereafter went before the grand jury and obtained this second indictment charging his desertion of her while in a pregnant condition and in indigent circumstances.

Upon his trial at the following September term of court on this second indictment, appellant testified that he had never deserted nor left his wife, but that his wife had left him; further, that at the time his wife obtained this second indictment against him, charging him with her desertion while pregnant and without making proper provision for her, and within three days prior thereto, when tried and acquitted upon the charge preferred against him in the earlier indictment, he was furnishing a home for his wife and children and had not previously left her except upon two occasions, when he went in search of work and was absent for only short periods of time, seeking to earn wages for the support of his wife and children, and that he still desired his wife to live with him but that she had refused to do so and had repeatedly left him, when he would go and find her and bring her back or else, failing to find her, she would later return of her own volition.

This testimony, showing not only that the wife had abandoned her husband but that he was willing to live with her if she would return to their home, is corroborated by the several witnesses testifying in his behalf. Further, the father of the prosecuting witness, George Romine, when testifying as a witness for the commonwealth, stated that just before February 17, the day upon which the wife obtained the second indictment, she and the appellant were living together in their home on Sublimity Road. As to this, however, appellant stated that he had been living by himself in their home for two months prior to February 17.

The appellant's defense thus made is that he did not desert or abandon his wife, but that she abandoned him and went to live with her father and that at all times prior to the day his wife obtained the indictment against him, he maintained a home for her on Sublimity Road, which was at all times available to her.

The wife when testifying stated that some time before February 17, 1942, her husband left her, when she was pregnant, and that he furnished her no money then nor when her child was born on March 27 with which to pay the midwife.

The court allowed this later testimony to be given by the wife, although it related to things transpiring subsequent to the wife's obtention of the indictment upon

the ground that her husband had previously deserted her.

The record presents no evidence to the effect that appellant abused or mistreated his wife, nor does it show other justification for her conduct in repeatedly leaving him, which is uncontradicted, prior to obtaining the indictment against him, but shows that not only did she leave him but that appellant, notwithstanding such conduct on her part, remained ready and willing to live with her and sought to have her return to his home as late as the Saturday next preceding the date of her obtaining the indictment against him, when appellant went to her and asked her to come back to him, which he states she refused to do.

Upon this showing of the evidence, we are constrained to conclude that the evidence not only failed to sustain the jury's verdict finding the defendant guilty of deserting his wife but that it is flagrantly against the evidence. In this, our conclusion, we may here add, the assistant attorney general fully concurs.

For such reasons the judgment is reversed and the cause remanded for a new trial not inconsistent with this opinion.